**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONALD GALLOW (#126280)** | **CIVIL ACTION NO.** |
| **VERSUS** | **23-577-JWD-EWD** |
| **STATE OF LOUISIANA** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 3, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD GALLOW (#126280) | CIVIL ACTION NO. |
| VERSUS | 23-577-JWD-EWD |
| STATE OF LOUISIANA | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Donald Gallow ("Plaintiff"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the State of Louisiana, complaining that his continued confinement based on a non-unanimous jury verdict violates his constitutional rights. Plaintiff requests monetary and injunctive relief.

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[1] The statutes give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact, and the court may dismiss any claim that does not pass screening, before service of process or before any defendant has answered. Because Plaintiff is incarcerated, has filed suit against prison officials, and has been granted IFP status, his claims are subject to the screening process.

To determine whether a Complaint fails to state a claim, courts apply the same standard used for dismissals under Fed. R. Civ. Proc. 12(b)(6).[2] This means the court must accept all well-

---

[1] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Plaintiff was granted IFP status on August 7, 2023, so both statutes apply. R. Doc. 3. Plaintiff paid the initial partial filing fee, but the Clerk's Office mistakenly returned it. *See* R. Doc. 4.
[2] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

pleaded facts as true and view them in the light most favorable to the plaintiff.[3]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]  For a complaint to survive dismissal, it must have enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[6]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[7] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[8]  A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[9]  A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[10]

In his Complaint, Plaintiff alleges that his continued confinement violates his constitutional rights.[11]  Plaintiff's basis for this argument is the Louisiana Supreme Court's opinion in *State v. Reddick*.[12]  The question before the Louisiana Supreme Court in *State v. Reddick* was whether the rule announced by the United States Supreme Court in *Ramos v. Louisiana*,[13] which held that

---

[3] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[5] *Id.*
[6] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[7] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[8] *Id.*, at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[9] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[10] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[11] R. Doc. 1, p. 4.
[12] *See State v. Reddick*, 21-01893 (La. 10/21/22) 351 So.3d 273.  Though not explicitly stated in the complaint, it is implied that Plaintiff was convicted by a non-unanimous jury, so retroactive application of *Ramos* would have entitled him to habeas relief.
[13] 140 S.Ct. 1390, 590 U.S. --- (2020).

conviction of serious offenses by non-unanimous juries violates the constitution, applied retroactively to cases on state collateral review.[14] The Louisiana Supreme Court concluded that *Ramos* did not apply retroactively.[15] Plaintiff contends that his continued incarceration violates the constitution because the Louisiana Supreme Court acknowledged that conviction by non-unanimous juries constitutes a serious violation of the Sixth Amendment, but in the same breath, refused to apply *Ramos* retroactively. Accordingly, individuals, like Plaintiff, who are incarcerated because of convictions by non-unanimous juries, have no avenue for relief.

Plaintiff's claims call into question the validity of his confinement. Challenges to confinement may only be brought in a habeas corpus proceeding under 28 U.S.C. § 2254, not in a civil rights action pursuant to § 1983.[16] Because this claim may only be brought in a habeas corpus proceeding, it is subject to dismissal.[17]

Further, to the extent the plaintiff is seeking monetary damages associated with his continued confinement, that claim is barred by the rule stated in *Heck v. Humphrey*.[18] Under *Heck,* a prisoner's claim for monetary damages because of an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[19] If so, "the complaint must be

---

[14] *See Reddick*, 351 So.3d at 274.
[15] R. Doc. 1, p. 4. *See id.* at 283.
[16] *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action); *see also*, *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), quoting *Preiser*, 411 U.S. at 498 ("prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").
[17] *See Preiser*, 411 U.S. at 500 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*"). Though not explicitly stated, it appears Plaintiff seeks release from confinement, since he requests injunctive relief, specifically that this court prohibit "the State of Louisiana from continuing to violate his civil rights by infringing upon his liberty interest rights …." R. Doc. 1, pp. 7-8.
[18] 512 U.S. 477 (1994). It is unclear whether Plaintiff is seeking a declaratory or monetary judgment. *See* R. Doc. 1, p. 7.
[19] *Id.* at 487.

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," either by state officials or through federal habeas corpus.[20] Were this Court to determine that Plaintiff is entitled to monetary damages, this would necessarily imply that Plaintiff's term of confinement was invalid. Since Plaintiff has failed to allege or show that his term of confinement has been invalidated or called into question in a separate proceeding, either in a state proceeding or through federal habeas corpus, any claim by Plaintiff for monetary damages falls squarely within the holding of *Heck v. Humphrey* and must be dismissed.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[21] Having recommended that Plaintiff's federal claims be dismissed, it is further recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.[22]

Finally, although a litigant should generally be given an opportunity to amend before dismissal, here, Plaintiff should not be allowed leave to amend because any claims asserted consistent with the facts alleged would be subject to dismissal as a matter of law.

---

[20] *Id.*
[21] 28 U.S.C. § 1367.
[22] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[23]

Signed in Baton Rouge, Louisiana, on January 3, 2024.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the ruling will count as a strike.