## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DONALD GALLOW (#126280)**

**VERSUS**

**STATE OF LOUISIANA**

**CIVIL ACTION**

**NO. 23-577-JWD-EWD**

## OPINION

After independently reviewing the entire record in this case and for the reasons set forth in the Report and Recommendation issued by the Magistrate Judge on January 3, 2024, (Doc. 5), to which an objection was filed and considered (Doc. 6);[1]

**IT IS ORDERED** that the Court declines to exercise of supplemental jurisdiction over any potential state law claims, and that this action shall be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on January 16, 2024.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] Construing the complaint as a habeas petition brought pursuant to 28 U.S.C. 2254 would be futile because, as noted in the objection, the United States Supreme Court has held that the unanimous jury requirement announced in *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020) is not retroactive. *See Edwards v. Vannoy*, 141 S.Ct. 1547 (2021). Further, Gallow already filed a habeas petition, so construing the instant complaint as a habeas petition would be futile for the additional reason that the complaint would be subject to dismissal as successive.

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.